IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2032-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MIKEL BOLANDER, ) | |
| ) | |
| Respondent. ) | |

This case comes before the court on the government's motion (D.E. 59) to compel respondent to submit to a psychological examination by Christopher North, Ph.D. ("North"), a licensed psychologist who has already prepared an evaluation of respondent on behalf of the government without interviewing him. (North Rep. (D.E. 46-1) 2). The government seeks an examination by North primarily because respondent has submitted to an examination by the respondent-selected examiner appointed by the court, psychologist John Frank Warren, III, Ph.D. (*see* Warren Rep. (D.E. 62) 2; Order (D.E. 53)), and it believes fairness dictates that a psychologist of its choosing also have the opportunity to examine respondent.[1]

Respondent has filed a response in opposition (D.E. 63). He objects to North conducting an examination of him on the grounds that North has not been appointed as an examiner by the court pursuant to 28 U.S.C. §§ 4247(b) and 4248(b), and therefore lacks the standing or authority to examine him. Respondent essentially acknowledges that if North were appointed by the court, he would have to submit to an examination by North.

---

[1] Although respondent states in his response that another psychologist acting on the government's behalf, M. Lela Demby, Ph.D., has "met with the respondent" (Resp. 2 ¶ 1), her report indicates repeatedly that she did not interview him. (Demby Rep. (D.E. 45-2) 1, 2, 17 26).

Under the circumstances presented, the court finds that North, whose credentials the court has reviewed and finds satisfactory for purposes of this order (*see* D.E. 43-1), should be appointed as an examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b). He will necessarily be acting as one selected by the government. IT IS THEREFORE ORDERED as follows:

1. The motion (D.E. 59) is ALLOWED on the terms set forth herein.

2. The court hereby APPOINTS North as a mental health examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b).

3. North shall conduct a psychological examination of respondent within 30 days after entry of this order and shall prepare a written report on the examination containing the information prescribed by 18 U.S.C. § 4247(c), as well as a copy of his curriculum vitae. The report shall be filed with the court within 14 days after the examination, under seal without further order of the court, with copies provided to counsel for each party, also pursuant to 18 U.S.C. § 4247(c).

4. Respondent shall submit to the examination by North.

5. The examination may be recorded, as respondent has proposed, if and to the extent North, in his professional judgment as a psychologist, consents to such recording. Similarly, counsel shall not be present at the examination without the consent of North. North should not consent to the recording of the examination or the presence of counsel if, among other potential reasons, he believes such arrangements would impair the efficacy of the examination.

6. The Department of Justice shall be responsible for payment of the costs of the examination by North and his report.

7. No other expert shall conduct a mental health examination of respondent on behalf of the government (or respondent) without prior court approval, including but not limited to

psychologist M. Lela Demby, Ph.D.

8.  Nothing herein shall be deemed to extend any deadlines in the existing schedule for this case, which remains in effect.

SO ORDERED, this 16 day of August 2011.

James E. Gates
United States Magistrate Judge