IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-HC-2032-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKEL BOLANDER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss (DE # 77) and the motion for an evidentiary hearing and to dismiss (DE # 78) of respondent Mikel Bolander (hereinafter "respondent"). Respondent also filed a memorandum in support of the motion to dismiss. In support of the motion for an evidentiary hearing and to dismiss, respondent filed an amendment styled as a motion (DE # 85) that has been corrected and refiled as memorandum (DE # 87). Respondent seeks dismissal of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and opposes the motions. In this posture, the issues raised are ripe for ruling.

Respondent asserts that § 4248 is criminal rather than civil in nature and that he should be afforded the same constitutional protections afforded in a criminal proceeding. Related to this argument, respondent seeks an evidentiary hearing on the conditions of his confinement, arguing that the conditions are unconstitutional and warrant dismissal of the commitment action. The Fourth Circuit Court of Appeals held in United States v. Timms, ___ F.3d ___, ___, 2012 WL 34477, at *15 (4th Cir. Jan 9, 2012), that § 4248 commitment actions are civil proceedings. "A statute that has

been 'found to be civil, cannot be deemed punitive "as applied" to a single individual in violation of the Double Jeopardy and Ex Post Facto Clauses and proved cause for release.' . . . Moreover, release from confinement is not a remedy available for an Eighth Amendment conditions of confinement claim." Hunt v. Johns, No. 5:10-HC-2176-FL, Slip Copy, 2011 WL 3664553, at *2 (E.D.N.C. Aug. 18, 2011) (quoting Seling v. Young, 531 U.S. 250, 267 (2001)). Therefore, an evidentiary hearing on conditions of confinement is inappropriate within this litigation.

Respondent also contends that he has not been afforded due process because of the timing of the certification in this case and the delay in holding a hearing on the merits of commitment. The government filed the certification commencing this case on the day on which respondent would have been released from criminal confinement. Respondent's release was automatically stayed upon the filing of the certification. See 18 U.S.C. § 4248(a). The government complied with the certification process provided in the statute. The timing of the certification does not violate due process.

The delay in a hearing on the merits also does not violate due process. The Fourth Circuit considered a similar challenge in Timms, 2012 WL 34477, at *10-15. The court held that the particular delay in that case did not violate due process. Id. at *15. The court also noted, "[E]ven if Timms' case constituted a due process violation, the proper remedy would not be release, but to conduct the hearing and adjudicate whether he is a 'sexually dangerous person' under the statute." Id. at *15 n.19.

The government commenced this action on February 9, 2007. On the same day, the court scheduled a commitment hearing to be held on September 4, 2007. On August 17, 2007, the court granted respondent's request to continue the commitment hearing. No new date for the hearing was scheduled. On September 7, 2007, this court held § 4248 unconstitutional and dismissed the

2

commitment actions against five respondents consolidated in a separate action. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007), rev'd in part, 130 S. Ct. 1949 (2010), remanded to and rev'd, 627 F.3d 513 (4th Cir. 2010), cert. denied, 131 S. Ct. 3026 (2011). On September 11, 2007, respondent filed a motion to dismiss this action, relying on Comstock. On January 8, 2008, the court stayed respondent's case, along with all other § 4248 cases then pending in this district, to await the outcome of appellate litigation in Comstock. On May 17, 2010, the Supreme Court reversed the decisions of the lower courts in Comstock, held the enactment of § 4248 to be a constitutional exercise of congressional power, and remanded the case to the Fourth Circuit for further proceedings. Comstock, 130 S. Ct. at 1954. On June 11, 2010, the district court lifted the stay in this case. Addressing the same period of delay in Timms during the Comstock appellate proceedings, the Fourth Circuit held, "[T]he Government simply cannot be held responsible for the time period during which Timms' case remained in abeyance throughout the lengthy appellate proceedings in Comstock." Timms, 2012 WL 34477, at *14.

On June 22, 2010, respondent expressly stated he did not wish to proceed to a commitment hearing. (Mot. Dismiss 3 ("At this time, respondent does not request a hearing on the merits of his case.")). Nevertheless, on January 31, 2011, the court entered a scheduling order, which established a discovery process to last approximately six months beginning in February 2011. Furthermore, respondent requested and received extensions which prolonged the discovery process. (See DE # 49, 55). On September 16, 2011, the court tentatively scheduled a commitment hearing during a two-week session of court commencing on November 28, 2011. Respondent requested and received a continuance from this session. (See DE # 70). Under the circumstances of this case, the delay does not violate due process. Moreover, even if the delay created a due process violation, dismissal is not

warranted; the proper remedy would be for the court to hold a commitment hearing. Respondent's commitment hearing is scheduled for January 19, 2012.

Respondent also asserts that § 4248 violates the constitutional guarantee of equal protection because it uses one's status as a federal prisoner to control whether a person may be subject to civil commitment proceedings. The Fourth Circuit specifically rejected this argument. Timms, 2012 WL 34477, at *10. Accordingly, respondent's equal protection challenge is without merit.

For all of the foregoing reasons, respondent's motions (DE # 77, 78) are DENIED. Respondent's motion (DE # 85) is DENIED AS MOOT.

SO ORDERED, this the 17th day of January, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge